**In the Matter of Thomas RADFORD, Roxanna Radford, Debtors.**

**Bankruptcy No. 1–81–00850.**

United States Bankruptcy Court, S. D. Ohio, W. D.

April 8, 1982.

Eugene J. Stagnaro, Jr., Cincinnati, Ohio, for debtors.

Donald A. Schenck, Cincinnati, Ohio, for creditor.

### ORDER OVERRULING OBJECTION TO CLAIM OF GENERAL MOTORS ACCEPTANCE CORP.

L. C. GARTNER, Bankruptcy Judge.

On January 5, 1982 debtor objected to the proof of claim of General Motors Acceptance Corporation (G.M.A.C.) in the amount of $5,338.65 as therein set forth.

On January 16, 1981, G.M.A.C. had repossessed debtors' automobile pursuant to O.R.C. § 1309.46, due to defaults in payments, and sold the same at public auction on March 6, 1981 the aftermath of which was the subject deficiency.

Debtor objects to the deficiency claim of G.M.A.C. alleging that the sale was not conducted in a "commercially reasonable" manner as required by O.R.C. § 1317.16 and O.R.C. § 1309.47.

Ohio Revised Code section 1309.47 which permits the secured party to dispose of repossessed collateral, states in pertinent part, the following:

"(C) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable."

Further, Ohio Revised Code section 1309.-47 is subject to the limitations and guide-

lines set forth in O.R.C. § 1317.16 which provides:

"(A) A secured party whose security interest is taken pursuant to section 1317.-071 [1317.07.1] of the Revised Code may, after default, dispose of any or all of the collateral only as authorized by this section.

(B) Disposition of the collateral shall be by public sale only. Such sale may be as a unit or in parcels and the method, manner, time, place and terms thereof shall be commercially reasonable. At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at his last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. In addition, the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held.

(C) Except as modified by this section, section 1309.47 of the Revised Code governs disposition of collateral by the secured party."

■ Failure to follow the above requirements results in the denial of a deficiency judgment against a debtor. See: *Liberty Bank v. Greiner*, 62 Ohio App.2d 125, 405 N.E.2d 317, 16 O.O.3d 291 (1978). However, G.M.A.C. herein has proceeded lawfully in a commercially reasonable manner.

■ The evidence reveals that G.M.A.C. first sent a letter dated January 20, 1981 to debtors giving notice of sale (Pltf., Ex. 4 and 5) to be held on February 13, 1981. But the car was inoperable and therefore not sold as scheduled. The actual sale of the automobile at public auction did not occur until March 6, 1981. Again, G.M.A.C. sent notice of the upcoming sale to the debtors by letter dated February 17, 1981. (Pltf., Ex. 2 and 3). In both instances, G.M.A.C. com-

plied with the detailed requirements of O.R.C. § 1317.16.

Ohio Revised Code § 1309.50(B) states: "(B) The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefore or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner. * * * "

Differences of opinion of value between the debtors and creditor does not in and of itself abrogate the commercial reasonableness of a transaction. See: *Northern Financial Corp. v. Kesterson*, 31 Ohio App.2d 256, 287 N.E.2d 923, 60 O.O.2d 412 (1971).

Debtors' objection to the claim of G.M.A.C. is overruled.

IT IS SO ORDERED.